```
 1  James Filiault, SBN#184291
    jfilliault@dubofflaw.com
 2  The DuBoff Law Group, LLC
    6665 SW Hampton Street, Suite 200
 3  Portland, OR  97223-8357
    Telephone: (503) 968-8111
 4  Facsimile: (503) 968-7228

 5  Attorneys for Defendant Coville, Inc.
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIT DESIGNS, INC., a California corporation,<br><br>                 Plaintiff,<br><br>   v.<br><br>COVILLE, INC., a North Carolina corporation,<br><br>                 Defendant. | CIVIL NO. 2:05-CV-01040-WBS-DAD<br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDIRE 26(C)** |

WHEREAS, in the course of this litigation, Plaintiff Maxit Designs, Inc. and Defendant Coville, Inc. may seek disclosure of information which a party regards as proprietary or confidential trade secret, technical, business, financial or personnel information; and

WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such proprietary or confidential trade secret, technical, business, financial or personnel information;

IT IS HEREBY STIPULATED by and between the parties hereto, by their respective undersigned counsel of record herein, that this Stipulated Protective Order shall govern in this Action the disclosure of proprietary or confidential trade secret, technical, business, financial or personnel information.

**I.   DEFINITIONS**

PAGE 1- STIPULATED PROTECTIVE ORDER

A. The designation "Confidential" may be applied by a party to any type of information which that party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, technical, personnel or related information.

B. The designation "Confidential – Attorneys Only" may be applied by a party to any type of information which it believes in good faith to constitute, contain or reflect proprietary, confidential, or trade secret information, the disclosure of which to a party would give that party an unfair competitive advantage.

C. "Confidential Information" means all information which is subject to the designations "Confidential" or "Confidential – Attorneys Only," as described above.

D. "Counsel of Record" means the following law firms, including all attorneys, paraprofessionals, clerks and secretaries associated with or employed by such attorneys and law firms, whose review of such information is necessary to the attorneys prosecuting or defending this action:

    a. The DuBoff Law Group, LLC;

    b. Snow Becker Krauss P.C.; and

    c. Wilcoxen Callahan Montgomery & Deacon, LLP.

This paragraph may be amended, without approval of the Court, to include other law firms retained by a party in this action. The party seeking to amend this paragraph shall provide counsel for the remaining parties with a written notice containing the name of the law firm along with a signed statement from the law firm indicating that it agrees to be bound by the terms of this Order. Should the remaining parties believe that a conflict will be raised by allowing the newly named law firm to represent any of the parties named in this action, counsel for the party seeking the amendment will be provided with a written notice in not less than five days. Unless such notice is provided, the amendment to this paragraph will be deemed approved.

E. "Order" means this Stipulated Protective Order.

## II. TERMS OF THE ORDER

1. **Use of Confidential Information.** All information marked "Confidential" or "Confidential – Attorneys Only," including documents, things or contents thereof produced, or to be produced, by either party or by a third party (or their representative) in connection with this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever, shall be kept in confidence and shall not be disclosed except as expressly permitted herein.

2. **Treatment of "Confidential" Information.** Information designated "Confidential" and all information derived therefrom shall not be disclosed, given, shown, made available or communicated in any way to a person or entity other than Counsel of Record for a party and the parties, except as provided in paragraphs 4 and 5, below. Before disclosure to any such person or entity, the person to whom such information is to be disclosed shall execute and deliver to the Counsel of Record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not be used for any business, financial or other purposes whatsoever.

3. **Treatment of "Confidential – Attorneys Only" Information.** Information designated "Confidential – Attorneys Only" and all information derived therefrom shall not be disclosed, given, shown, made available or communicated in any way to a person or entity other than Counsel of Record for a party, except as provided in Paragraphs 4 and 5, below. Before disclosure to any such person or entity, the person to whom such information is to be disclosed shall execute and deliver to the Counsel of Record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not be used for any business, financial or other purposes whatsoever.

4. **Experts and Consultants.** Documents designated as "Confidential" or "Confidential – Attorneys Only" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with preparation for trial or trial in this action, provided that the following conditions are met. Counsel for the designating

party will be provided with written notice not less than seven business days before disclosure to any such expert or consultant, together with a current resume or curriculum vitae for such expert or consultant. Should counsel for the designating party believe that there is a conflict raised by the proposed disclosure of its Confidential Information, it may give written notice of its objections. There shall be no disclosure of Confidential Information after receipt of such notice, absent a court order or agreement by the designating party. Before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute and deliver to the Counsel of Record making the disclosure a written agreement in the form attached hereto as Exhibit A.

     5.    **Requests for Additional Disclosure.** If any Counsel of Record desires to give, show, make available or communicates to any person apart from those permitted under Paragraphs 2, 3 and 4 any information designated as "Confidential" or "Confidential – Attorneys Only," said Counsel of Record shall first obtain the written consent of the designating party through such party's Counsel of Record. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied, or upon order of the Court after a noticed motion, may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs 2, 3 or 4.

     6.    **Manner of Designating Documents.** A party shall designate documents containing Confidential Information by placing a legend on each page of any document that such party wishes to protect against disclosure or use, or in the case of computer disks, on the cover or container of the disk. The legend shall state "Confidential" or "Confidential – Attorneys Only" as appropriate. A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be made by placing a "Confidential" or "Confidential – Attorneys Only" legend on the thing or container within which it is stored, or by some other

means of designation agreed upon by the parties. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.

7. **No Admission or Waiver.** The designation of Confidential Information by a party or third party is intended solely to facilitate compliance with discovery in this action. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any party or third party that the designated information constitutes or contains any trade secret or Confidential Information. Failure to so designate information shall not constitute a waiver of any claim by a party that information contains Confidential Information.

8. **Advice to Party-Client.** Nothing in this Order shall bar or otherwise restrict any Counsel of Record from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such attorneys' examination and/or analysis of Confidential Information, provided however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Confidential Information to persons not authorized to receive it pursuant to the terms of this Order. Nothing in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any information designated and produced by it as "Confidential."

9. **Depositions.** Should Counsel of Record for any party introduce or use any Confidential Information in a deposition, or believe that any question to a witness at a deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if documents designated as containing Confidential Information will be used as exhibits during examination, counsel introducing or using such confidential information shall have a duty to see that any confidential documents and any related testimony shall be separately bound and marked as subject to this Order, and subject to disclosure only under the terms and provisions set forth in this Order. This shall be accomplished by instructing the reporter during the deposition, or in the event that either party inadvertently fails to designate a portion as "Confidential" or "Confidential – Attorneys Only," by written notice to the reporter

PAGE 5- STIPULATED PROTECTIVE ORDER

and to all Counsel of Record within thirty days after receipt of the transcript by the deponent or his counsel, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending expiration of the thirty-day period, all testimony taken at the deposition shall be treated as "Confidential – Attorneys Only." If during the course of deposition, Confidential Information will be given to a deponent who has not already signed the certificate of confidentiality, each such deponent shall first be required to sign the certificate of confidentiality attached hereto as Exhibit A. Unless otherwise ordered by this Court, the designating party shall have the right to have all persons, except the deponent and his counsel, Counsel of Record, the court reporter, and such other persons as are permitted under the terms of this Order to have access to the designated information, excluded from a deposition during the taking therein of the testimony designated pursuant to this Order.

10. **Court Reporters.** Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, to be bound by the terms of this Order and shall execute a declaration in the form attached as Exhibit A hereto. All Confidential Information received by such a court reporter is, and shall remain, confidential and shall not be disclosed except to the Counsel of Record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

11. **Motion for Relief From Designation.** If, subsequent to a party's receipt of information designated "Confidential" or "Confidential – Attorneys Only," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation. If by fifteen days after notice the parties have been unable to reach an agreement as to the designation, the challenging party may bring a noticed

PAGE 6- **STIPULATED PROTECTIVE ORDER**

motion to be relieved of its obligations under this Order as to any such information. The producing party bears the burden of proof that any designated material meets the requirements for such designation.

12. **Filing Documents With Court.** All Confidential Information subject to the terms of this Order and (1) filed with the Court or its staff, (2) made an exhibit, (3) incorporated into a pleading, or (4) incorporated into a transcript shall be separately bound and placed in an envelope or other appropriate container on which shall be endorsed the following legend:

> **THIS ENVELOPE IS SEALED PURSUANT TO PROTECTIVE ORDER AND CONTAINS CONFIDENTIAL INFORMATION. IT IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT TO QUALIFIED PERSONS AUTHORIZED TO INSPECT SAID DOCUMENTS.**

To the extent possible, the Confidential Information subject to this Order shall be segregated. If the confidential portion of a pleading or transcript cannot be conveniently segregated, then the entire pleading or transcript shall be deemed confidential. The proper procedure for filing a document under seal is for counsel to present an order authorizing the filing of documents under seal or signature and then file the document under seal with the order attached. At no time will this Order restrict the Court's or the Court's staff from access to any documents filed under seal.

13. **Notice of Disclosure of Designated Materials at Hearings or at Trial.** If a party will disclose at any hearing or trial Confidential Information, it shall give two court days notice to the Court and to all other parties of such anticipated disclosure, specifying that the information to be disclosed is designated as either "Confidential – Attorneys Only" or "Confidential." This notice may identify the documents by the reference number assigned them at document production. When such notice has been given, only persons authorized by this Order to receive such Confidential Information may be present at the hearing or trial, or at that portion of the hearing or trial during which the disclosure of the Confidential Information occurs. The requirement of advance notice shall not apply to a disclosure of Confidential Information in rebuttal or in response to another party's argument where the need for such disclosure could not

PAGE 7- **STIPULATED PROTECTIVE ORDER**

reasonably be anticipated in advance of the hearing or trial. However, prior to disclosing any Confidential Information in rebuttal or in argument, counsel shall inform the Court and opposing counsel of its intention to do so. Counsel shall then request that persons not authorized by this Court to receive Confidential Information be excluded from the courtroom during the disclosure.

14. **Effect on Discovery.** This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

15. **Stipulation Binding When Signed.** This stipulation shall be binding on the parties hereto when signed regardless of whether or when the Court enters its order hereon.

16. **Submitting to Jurisdiction of the Court.** Each person to whom disclosure of any Confidential Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Eastern District of California, which shall have jurisdiction over the person for purpose of contempt proceedings in the event of any violation of this Order.

17. **Conclusion of Litigation.** After termination of this action, and upon written request of the producing party, the originals and all copies of documents marked "Confidential" or "Confidential – Attorneys Only" shall be destroyed or returned to counsel for the party making such request. Return or destruction shall be at the election of the party receiving the request. Return of documents or certification in writing of destruction must be provided to the requesting party within sixty days of the date of the request. All such requests for return or destruction must be made within ninety days of the termination of this action, including appeals. Notwithstanding the above, counsel may retain an archival copy of all pleadings, one set of discovery documents, court filings and orders, deposition transcripts and exhibits, demonstrative exhibits, hearing and trial transcripts, trial exhibits, and mediation submissions, whether or not they include any documents marked "Confidential" or "Confidential – Attorneys Only." The archival copies may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof. Archival copies of Confidential Information shall be maintained in such a manner as to assure their continued confidentiality under the terms of this order.

PAGE 8- **STIPULATED PROTECTIVE ORDER**

**18. Survival of Terms.** The provisions of the Order shall survive the final termination of the case for any retained documents or contents thereof. This Court shall maintain jurisdiction over any and all disputes resulting from or regarding this Order after the disposition of this action.

DATED: December 21, 2005.

THE DUBOFF LAW GROUP, LLC

/s/ James Filiault

James Filiault, No. 184291
Attorneys for Defendant

DATED: December 27, 2005.

WILCOXEN CALLAHAN MONTGOMERY & DEACON, LLP

/s/ Steven H. Schultz

Steven H. Schultz, No. 163543
Attorneys for Plaintiff

SO ORDERED.

DATED: February 13, 2006.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/maxit1040.stip&ord

PAGE 9- **STIPULATED PROTECTIVE ORDER**

**Exhibit A**

I, _____, declare under penalty of perjury under the laws of the United States that:

    1.    My address is: _____

_____

    2.    My present employer is: _____

    3.    My present occupation or job description is: _____

_____

_____

    I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") in the matter of *Maxit Designs, Inc. v. Coville, Inc.*, United States District Court for the Eastern District of California, Case No. 2:05-CV-01040-WBS-DAD, that I will not use or disclose to anyone any of the contents of any Confidential Information (as that term is defined in the Order) received under the protection of the Order, except for purposes directly related to this litigation, as explicitly allowed by the Order, and agree to be bound by the terms and conditions of the Order.

    I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

    Dated: _____, 200__    Signed: _____

PAGE 10- **STIPULATED PROTECTIVE ORDER**